UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARRELL CHAMBERS, | ) | 1:08-CV-00187 OWW JMD HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION [Doc. #15] |
| v. | ) | |
| | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| W.J. SULLIVAN, | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| Respondent. | ) | TO ENTER JUDGMENT |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Magistrate Judge issued a Findings and Recommendation on May 21, 2009, recommending that the petition for writ of habeas corpus be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment.

On June 16, 2009, Petitioner filed objections to the Findings and Recommendation. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis. The Court modifies the Findings and Recommendation to include the following analysis in light of Petitioner's objections. 28 U.S.C. § 636(b)(1)(C) (stating, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge").

Petitioner's objections rely mainly on the California Supreme Court's decision in *In re Lawrence*, 44 Cal.4th 1181 (Cal. 2008) for the proposition that his commitment offense can no longer be probative of his current dangerousness as twenty-two years had passed from the time the offense was committed to when the Board denied Petitioner parole. In *Lawrence*, the California Supreme Court stated that the use of the commitment offense to constitute "some evidence" of current dangerousness violates a petitioner's right to due process of the law where "evidence of the inmate's rehabilitation and suitability for parole under the governing statutes and regulations is overwhelming, *the only evidence related to unsuitability is the gravity of the commitment offense*, and that offense is both temporally remote and mitigated by circumstances indicating the conduct is unlikely to recur." *Id*. at 1191 (emphasis added). As the Magistrate Judge concluded in the Findings and Recommendation, the commitment offense is not the only evidence of Petitioner's current dangerousness as Petitioner's post-incarceration disciplinary record reveals a serious infraction for a violent altercation with a fellow inmate. While this infraction occurred fifteen years prior to the Board's decision, the Court finds that Petitioner's post-incarceration disciplinary history, when viewed in combination with the commitment offense, is enough to meet the some evidence standard which "is minimal, and assures that 'the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.'" *Sass v. California Board of Parole Hearings*, 461 F.3d 1123, 1129 (9th Cir. 2006) (quoting *Superintendent, Mass. Correc. Inst. v. Hill*, 472 U.S. 445, 457 (1985)).

Lastly, the Court notes that as Petitioner is challenging the denial of parole, Petitioner need not obtain a certificate of appealability under 28 U.S.C. section 2253(c) in order to proceed on appeal to the Ninth Circuit. *See Rosas v. Nielsen*, 428 F.3d 1229, 1231-32 (9th Cir. 2005).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued May 21, 2009, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DENIED with prejudice; and

3. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   September 16, 2009**                 /s/ Oliver W. Wanger

U.S. District Court
E. D. California
2

UNITED STATES DISTRICT JUDGE